**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SOCIETY PASS INCORPORATED, *et al.*,[1] | Case No. 26-90525 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JEREMY ROSENTHAL IN SUPPORT OF
CHAPTER 11 PETITIONS, FIRST DAY MOTIONS, AND RELATED RELIEF**

I, Jeremy Rosenthal, declare as follows under penalty of perjury:

1.      I am the independent director of the Board of Directors of Society Pass Incorporated ("**Society Pass**") and SoPa, Inc. ("**SoPa**"), the debtors and debtors in possession (the "**Debtors**") in the above-captioned bankruptcy cases (the "**Chapter 11 Cases**"). An organization chart of Society Pass and its debtor and non-debtor affiliates is attached hereto as **Exhibit A**.

2.      I submit this declaration (the "**Declaration**") in support of: (i) the Debtors' voluntary Chapter[2] 11 petitions (the "**Petitions**"); (ii) the "first-day" motions that are currently on file with the Court (collectively, the "**First Day Motions**"); and (iii) related relief.

3.      I am familiar with the contents of each of the First Day Motions and believe the relief sought therein is (i) necessary to enable the Debtors to operate their business during the pendency of these Chapter 11 Cases, (ii) critical to achieving a successful restructuring of the Debtors' financial affairs, and (iii) in the best interests of the Debtors, their estates, and all

---

[1]      The Debtors in these Chapter 11 Cases are: Society Pass Incorporated and SoPa, Inc. The Debtors' service address for purposes of these Chapter 11 Cases is: 2929 Allen Parkway, Suite 3300, Houston, TX 77019.

[2]      Unless otherwise stated, "**Chapter**" and "**Section**" shall refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"). "**Bankruptcy Rule**" shall refer to the Federal Rules of Bankruptcy Procedure. "**Civil Rule**" shall refer to the Federal Rules of Civil Procedure. "**Bankruptcy Local Rule**" or "**BLR**" shall refer to the Bankruptcy Local Rules for the Southern District of Texas.

1

stakeholders. The facts set forth in each of the First Day Motions are incorporated herein by reference.

4.      As of the Petition Date, the following individuals are members of Society Pass' board of directors (the "**Board**"): Travis Washko, Vincent Puccio, Michael Freed, Michael Dunn Jr., Mark Carrington, and myself as a newly appointed independent director.

## I.      THE SPECIAL COMMITTEE

5.      On May 11, 2026, the Board unanimously approved the formation of a special committee of the board with a broad delegation of authority with respect to investigations and oversight of these Chapter 11 Cases (the "**Special Committee**"), and appointed me as an independent director and sole member of the Special Committee. The Board also unanimously approved my appointment as the sole director of SoPa, Inc.

6.      Effective on May 11, 2026, the Board similarly approved the Independent Director Agreement between Society Pass Incorporated and Restructuring Advisors LLC, d/b/a Rose Point Advisors ("**Rose Point**") to provide my services as an independent director (the "**Independent Director Agreement**").

7.      Since my appointment to the Board, I have been familiarizing myself with the Debtors' day-to-day operations, books and records, and financial affairs. My investigation of the Debtors' operational history, current business activities, capital structure, and organizational documents is ongoing. Except as otherwise indicated, the facts set forth in this Declaration are based on my personal knowledge of the Debtors' business and financial condition, developed since my appointment and which are informed by my review of relevant documents, my discussions with members of the Board, the Debtors' senior management, and the Debtors' professionals, and my professional experience. An investigation into the Debtors' books and records, and any claims

2

or causes of action they may hold, is ongoing. If called upon to testify, I would testify competently to the facts set forth in this Declaration and the First Day Motions. I am authorized to submit this Declaration on the Debtors' behalf.

## II.   PROFESSIONAL BACKGROUND.

8.   I have over 20 years of experience in corporate restructuring, advising and consulting with challenged businesses, board governance, litigation management, and other special situations. My work involves developing and implementing effective and creative solutions, executing and overseeing turnaround initiatives, negotiating workouts, asset sales, balance sheet recapitalizations, and in-court restructurings. As part of that experience, I have served as an independent director of several companies in distressed situations and have overseen multiple independent investigations. In addition, I have served as chief executive officer or chief restructuring officer for many distressed companies in diverse industries, including healthcare, real estate, financial services, manufacturing, logistics, hospitality, and apparel.

9.   I hold a Juris Doctor from the University of California at Los Angeles School of Law and a Bachelor of Arts from the University of California at Berkeley.

## III.   BACKGROUND.

10.   On May 12, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors and debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") and no request for the appointment of a trustee or examiner has been made.

11.     Society Pass Incorporated (Nasdaq: SOPA) ("**Society Pass**") is a holding company with diverse businesses across Southeast Asia, focusing on Singapore, Thailand, Indonesia, Vietnam, and the Philippines. Its businesses include e-commerce platforms, digital media companies, travel platforms, and an artificial intelligence infrastructure company.

12.     Society Pass completed an initial public offering and began trading on The Nasdaq Stock Market LLC ("**Nasdaq**") under the ticker SOPA in November 2021. On May 14, 2026, Nasdaq's Listing Qualifications Department notified Society Pass that Nasdaq had determined to delist Society Pass' common stock, par value $0.0001 per share, effective as of the opening of business on May 21, 2026.

**IV.     EVENTS LEADING TO COMMENCEMENT OF THE CHAPTER 11 CASES.**

12.     On February 5, 2026, the Supreme Court for the State of New York, New York County (the "**New York Court**") issued a decision following trial in an employment action brought by Thomas O'Connor ("**O'Connor**"), a former employee, and CVO Advisors Pte. Ltd. ("**CVO**"), based on claims involving entitlement to salary payments and expense reimbursement, along with claims based on the alleged failure to deliver shares of Society Pass stock pursuant to a Common Stock Purchase Warrant (the "**Warrant**"). Prior to trial, O'Connor had prevailed on a motion for partial summary judgment with respect to 1,148 shares of Society Pass purchased under the Warrant. At trial, O'Connor sought to recover damages with respect to an additional 573 shares of Society Pass purchased under the Warrant. Society Pass asserted counterclaims against O'Connor arising from alleged breach of contract, breach of fiduciary duty, tortious interference, and fraud.

13.     It is my understanding that the New York Court found that O'Connor fraudulently induced Society Pass to enter into subscription and software development agreements, ordered the

return of shares issued under those agreements, and dismissed O'Connor's claims for salary and severance, holding that his "faithless servant" conduct barred any equity vesting under the Warrant from August 2019 forward. Further, CVO's $8 million contract claims related to the Company's Series A Preferred Stock were rejected.

14.     It is my understanding that the New York Court, however, held that Society Pass was not fraudulently induced into entering into the employment agreement and Warrant and, therefore, the earlier partial summary judgment award for shares purchased under the Warrant amounting to approximately $6,615,934 (plus prejudgment interest), based on a valuation of $5,763 per share, would not be set aside and an additional amount of $824,109 (plus prejudgment interest), was awarded based on an additional 143 shares of Society Pass purchased under the Warrant prior to August 2019. The total amount awarded to O'Connor under the Warrant, as reflected in the judgment entered on April 9, 2026, was $11,853,490.11 (inclusive of prejudgment interest).

15.     It is my understanding that on April 8, 2026, the New York Court granted, in part, O'Connor's motion to restrain certain transfers by Society Pass and continued and expanded a previous escrow designation requirement (whereby shares were designated as in "escrow" with the company's transfer agent). In that regard, the New York Court ordered that Society Pass continue holding 3,000,000 common shares of Thoughtful Media Group Incorporated ("**TMGX**") with a designation that they are in escrow, that Society Pass further designate 250,000 shares of NusaTrip Incorporated ("**NusaTrip**") a company listed on the Nasdaq (Nasdaq: NUTR), but whose common stock has been halted from trading since October 9, 2025, as also being in escrow. Both TMGX and NusaTrip are non-debtor subsidiaries of Society Pass. In addition to these and other enforcement activities, such as the service of restraining notices on Society Pass and various

non-parties, the New York Court entered an order to show cause on April 16, 2026, why a receiver should not be appointed over the assets of Society Pass, including, among other assets, Society Pass' equity interests, voting, and economic rights, if any, in NusaTrip, TMGX, and other Society Pass subsidiaries (all of whom are non-debtor subsidiaries) such as Sapience AI, Inc., Sapience AI s.r.o., Gorilla Networks Pte. Ltd., and related entities, Society Pass' bank accounts, cash, and cash equivalents, wherever located, and over any of Society Pass' causes of action. The hearing on the receivership motion was scheduled to occur before the New York Court on May 13, 2026.

16.     On May 12, 2026, the Debtors filed their petitions to avoid a value-destructive receivership, address and satisfy O'Connor's claims in accordance with the Bankruptcy Code, address concerns and potential causes of action related to their publicly traded equity (which will shortly be delisted), maximize the recoveries for stakeholders including potentially recoveries for our public shareholders, protect the operations and value of the Debtors' non-debtor subsidiaries, and otherwise preserve and maximize the Debtors' valuable assets, including claims and causes of action, for the benefit of all stakeholders.

### V.     FACTS SUPPORTING RELIEF SOUGHT IN FIRST DAY MOTIONS

16.     The First Day Motions seek, among other things, to (i) preserve the value of the Company's assets and maximize the recovery of the Debtors' creditors, (ii) ensure the continuation of the Debtors' business operations with minimal disruption or loss of productivity or value, (iii) implement certain administrative procedures that will promote the timely and efficient administration of the Chapter 11 Cases. I am familiar with the content of the Petitions and First Day Motions and related proposed orders (the "**Proposed Orders**"), and it is my belief that the relief sought therein will preserve and maximize the value of the Debtors' estates for the benefit of their creditors. The First Day Motions include:

**(a)  Administrative and Procedural Motions**

- Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs; and (II) Granting Related Relief (the "**Schedules Extension Motion**"); and

- Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated (1) Creditor Matrix and (2) List of the 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identification Information, (II) Waiving the Requirement to File a List of, and Provide Notice Directly to, Equity Security Holders, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (IV) Granting Related Relief (the "**Notice Procedures Motion**").

**(b)  Business Operations Motions – Emergency Relief Requested**

- Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Prepetition Insurance Coverage and Satisfy Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (C) Honor the Terms of Premium Financing Agreement, and (D) Enter Into New Premium Financing Agreements in the Ordinary Course of Business; and (II) Granting Related Relief (the "**Insurance Motion**"); and

- Debtors' Emergency Motion for Entry of an Order (A) Establishing Notification Procedures and Approving Restrictions on (I) Certain Transfers of Interests in Society Pass Incorporated, and (II) Claims of Certain Worthless Stock Deductions; and (B) Granting Related Relief (the "**NOL Motion**")

17.  I have reviewed each of the First Day Motions, Proposed Orders, and exhibits thereto and have discussed the same with proposed counsel to the Debtors, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I believe that the relief sought in each of the First Day Motions: (a) is vital to enabling the Debtors to make the transition to, and operate in, Chapter 11 with minimal disruption to their business, and without loss of productivity or value, (b) constitutes a critical element in the Debtors' ability to successfully maximize value for the benefit of their estates, and (c) reflects the prudent exercise of the Debtors' business judgment.

8

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 20, 2026

/s/ Jeremy Rosenthal
Jeremy Rosenthal
Independent Director

8